IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 9, 2024

## STATE OF TENNESSEE, EX REL. JABRUNKAKA R. FRANKLIN v. JUSTIN M. FINCH

**Appeal from the Chancery Court for Haywood County**
**No. 2024-CH-69     Michael Mansfield, Chancellor**

_____

**No. W2024-01822-COA-T10B-CV**

_____

Appellant filed this petition for recusal appeal without including either the motion to recuse filed in the trial court or the trial court's order denying the motion to recuse. As such, we dismiss this appeal.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and JEFFREY USMAN, JJ., joined.

Justin M. Finch, Brownsville, Tennessee, Pro se.

Jonathan Skrmetti, Attorney General and Reporter; James M. Rice, Solicitor General, for the appellee, State of Tennessee – Civil.

## MEMORANDUM OPINION[1]

## I.

On December 9, 2024, Appellant Justin M. Finch ("Appellant") filed a petition for

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

a recusal appeal with this Court. It appears from Appellant's petition that this case involves a case filed in the Haywood County Chancery Court ("the trial court") dealing with child support. But Appellant asserts that the trial court judge is "incompetent to make any ruling/orders in [this] case" because the trial court judge is "neither neutral nor detached."

According to Appellant, he filed a "complaint" against the trial court judge on October 25, 2024, that asked the trial court judge "to recuse/disqualify himself" in both of Appellant's pending Title IV-D child support cases.[2] Appellant further states that the trial court "has never responded himself by written order but did in fact sign the orders presented by [counsel for other parties] denying his recusal/disqualification and all objections made [by] the petitioner herein."

## II.

This appeal is governed by Rule 10B of the Rules of the Supreme Court of the State of Tennessee. Our sole concern in an accelerated interlocutory appeal under Rule 10B is whether the trial court erred in denying the movant's motion for recusal. *See **Duke v. Duke***, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Because Appellant's petition for recusal appeal wholly fails to comply with the rules governing such filings, we dismiss the Appellant's petition without consideration of the merits of the original motion for recusal.

Under Rule 10B, a party seeking disqualification of a trial judge may do so by filing a written motion promptly after the party learns the facts establishing the basis for recusal. Tenn. Sup. Ct. R. 10B, § 1.01. As the rule explains,

> The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

*Id.* The trial court judge is then required to act promptly to either grant or deny the motion by written order; if the motion is denied, the trial court judge must state in writing the grounds upon which he or she denied the motion. Tenn. Sup. Ct. R. 10B, § 1.03.

A party is entitled to "an accelerated interlocutory appeal as of right" of an order denying a motion to recuse. Tenn. Sup. Ct. R. 10B, § 2.01. The party effects an accelerated appeal by filing a petition for recusal appeal with this Court, accompanied by "a copy of

---

[2] Appellant filed a second petition for recusal appeal in ***State of Tennessee, ex rel. Stephany v. Lopez v. Justin M. Finch***, which is being decided contemporaneously with this appeal under docket number W2024-01824-COA-T10B-CV.

the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. "If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal." Tenn. Sup. Ct. R. 10B, § 2.05. In this case, we have determined that no answer from the opposing party is necessary, and we choose to act summarily on this appeal. *See also* Tenn. Sup. Ct. R. 10B, § 2.06 (stating that a 10B accelerated appeal should be decided on an expedited basis).

Here, Appellant's petition for recusal appeal is so deficient as to render substantive appellate review impossible. First, Appellant's petition for recusal appeal does not contain any motion for recusal that was filed in the trial court. Tenn. Sup. Ct. R. 10B, § 2.03. The petition for recusal appeal also fails to contain a copy of the trial court's order denying Appellant's motion to recuse, if any such order yet exists.[3] *Id.*

Appellant's failure to attach the necessary documents makes it impossible to adjudicate this appeal. Without the motion to recuse, we cannot determine what arguments were raised in the trial court as to the basis for the recusal request. *See McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *6 n.3 (Tenn. Ct. App. Feb. 11, 2014) (declining to address an additional allegation of bias raised in a petition to this Court but not included in the motion for recusal presented to the trial judge, as review under Rule 10B is limited to the trial court's denial of the recusal motion); *see also In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *3 (Tenn. Ct. App. Aug. 31, 2016) (relying on *McKenzie* to hold that the court would not consider allegations of bias that were not first raised to the trial court). And without the trial court's order, not only are we deprived of the trial court's ruling to review, we are unable to determine whether we have subject matter jurisdiction over this appeal. *See* Tenn. Sup. Ct. R. 10B, § 2.01 (providing that a recusal appeal is only available "[i]f the trial court judge entered an order denying a motion for the judge's disqualification or recusal"); Tenn. Sup. Ct. R. 10B, § 2.02 (providing that the movant may file a petition for recusal appeal "within twenty-one days of the trial court entry of the order" denying the motion to recuse); Tenn. Sup. Ct. R. 10B, § 2.08 (providing that the time periods for filing a petition for recusal appeal are jurisdictional and cannot be extended by the court).

We acknowledge that Appellant is proceeding pro se in this appeal. As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se

---

[3] Appellant has attached an "order" denying Appellant's motions to dismiss in the trial court. This "order" is not signed by the trial court judge and does not address any recusal, bias, or lack of neutrality arguments in any manner.

litigant's adversary." **Jackson v. Lanphere**, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting **Hessmer v. Hessmer**, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). Therefore, "[w]hile entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." **Gilliam v. Gilliam**, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at *3 (Tenn. Ct. App. Nov. 13, 2008) (citing **Hessmer**, 138 S.W.3d at 903). Moreover, we have consistently stressed that "the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court[.]" **Elliott v. Elliott**, No. E2012-02448-COA-T10B-CV, 2012 WL 5990268, at *3 (Tenn. Ct. App. Nov. 30, 2012); *see also* **Johnston v. Johnston**, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015). Doing so allows this Court to meet its obligations under Rule 10B, which requires this Court to decide these appeals "on an expedited basis." Tenn. Sup. Ct. R. 10B, § 2.06.

In this case, Appellant has unfortunately chosen not to supply this Court with the necessary documents to address the substantive merits of his arguments. Based on these clear deficiencies, we have no choice but to dismiss this appeal.

### III.

In light of the foregoing, this appeal is hereby dismissed, and this cause is remanded to the trial court for further proceedings. Costs of this appeal are taxed to Appellant Justin M. Finch, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE